Filed 4/9/26  P. v. Lenix CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTHUR LOURDES LENIX,<br><br>    Defendant and Appellant. | F088996<br><br>(Super. Ct. No. BF100124B)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Arthur Lourdes Lenix, in pro. per.; and Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Levy, J. and Meehan, J.

# INTRODUCTION

Appointed counsel for defendant Arthur Lourdes Lenix asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal. We offered defendant the opportunity to present his own brief by way of a letter. Defendant submitted a letter brief raising a number of issues, including defense counsel's ineffective assistance (1) in failing to argue the effect of amendments to section 186.22 on his gang-related offenses and (2) in failing to request to an evidentiary hearing related to new evidence in the form of a witness affidavit involved in his codefendant's resentencing hearing.

We ordered supplemental briefing on several issues defendant raised in his letter brief, and we received his supplemental briefing. The People responded. We agree with defendant that when the trial court recalled defendant's sentence, he was entitled to retroactive application of amendments to Penal Code section 186.22,[1] which redefined a criminal street gang and may have affected his conviction for carrying a loaded firearm in a public place by an active participant in a criminal street gang. In light of our conclusion, we do not address defendant's other arguments. Therefore, following our complete review of the record on appeal and the separate issues raised by defendant, we vacate defendant's sentence and remand for further proceedings to permit the trial court to determine the effect the amendments have on defendant's conviction.

## PROCEDURAL HISTORY AND FACTUAL SUMMARY

Defendant shot his cousin, Lamar Rufus, in the head and killed him. Defendant also shot at Curtis Rufus moments later, missing him but hitting someone else in the arm.[2]

---

[1] Undesignated references are to the Penal Code.

[2] We take judicial notice of our prior nonpublished opinion in this matter, *People v. Lenix* (Oct. 13, 2006, F048115), which is cited by defendant on appeal. (Evid. Code, §§ 452, subd. (d),

On April 13, 2005, a jury found defendant guilty of Lamar Rufus's first degree murder (§ 187, subd. (a); count 1), Curtis Rufus's attempted murder (§§ 187, subd. (a), 664, subd. (a); count 2), conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a); count 3), possession of a firearm by a convicted felon (former § 12021, subd. (a)(1);[3] count 4), and carrying a loaded firearm in a public place by an active participant in a criminal street gang (former § 12031, subd. (a)(2)(C);[4] count 5). The jury found that defendant personally and intentionally discharged a firearm resulting in great bodily injury or death (§ 12022.53, subd. (d)) as to counts 1 and 3, the attempted murder was premeditated and deliberate (§§ 189, 664, subd. (a)), and defendant personally used (§ 12022.5, subd. (a)) and intentionally discharged a firearm (§ 12022.53, subd. (c)) as to count 2. At a bifurcated trial, the court found true that defendant had served prior prison terms (former § 667.5, subd. (b)).

The trial court sentenced defendant as follows on May 25, 2005: 25 years to life for first degree murder, a consecutive 25-year-to-life term for personally and intentionally discharging a firearm proximately causing great bodily injury or death, and a consecutive one-year term for serving a prior prison term as to count 1; a consecutive term of life with the possibility of parole for attempted murder and 20 years for personally and intentionally discharging a firearm as to count 2; a stayed 25-year-to-life term for conspiracy to commit murder and a 25-year-to-life term for personally and intentionally discharging a firearm proximately causing great bodily injury or death as to count 3; and concurrent three-year terms for possession of a firearm by a convicted felon as to count 4

---

459, subd. (a).) The facts regarding defendant's offenses were briefly summarized in our prior opinion, and we dispense with a statement of facts as they are not relevant to the issues raised on appeal.

[3]     Now codified at section 29800, subdivision (a).

[4]     Now codified at section 25850, subdivision (c).

and possession of a loaded firearm in a public place by an active participant in a criminal street gang as to count 5.

While defendant was still in custody, the court set a hearing to determine his eligibility for relief under section 1172.75 on October 31, 2023, and appointed counsel for him on November 28, 2023. Section 1172.75 invalidates prior prison term enhancements imposed under section 667.5, subdivision (b), except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b), and orders resentencing for defendants upon whom they were imposed. (See Stats. 2019, ch. 590, § 1, pp. 1–4, eff. Jan. 1, 2020.)

Defendant filed a petition for modification of his sentence pursuant to section 1172.75 and requested that the trial court strike the prior prison term enhancements and conduct a full resentencing. Defendant further requested that the court strike his firearm enhancements and consider other amendments to the sentencing statutes since his original sentencing hearing. Defendant also argued that "the evidentiary record could well be insufficient to sustain allegations and enhancements under [section] 186.22 as amended by AB 333[5]" and for the court to reduce his sentence as "fully and broadly as the law permits" rather than permit the People to retry him. The prosecutor filed a resentencing brief and requested the court strike the invalid prison prior enhancements but otherwise resentence defendant as originally sentenced.

The parties appeared for resentencing on November 22, 2024. The trial court struck the prior prison term enhancements and acknowledged its discretion to change the sentence so long as any change resulted in a reduction of defendant's sentence. After weighing aggravating and mitigating factors, the court reimposed the original sentence, absent the prior prison term enhancements.

Defendant filed a timely notice of appeal on November 25, 2024.

---

5       Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333).

## DISCUSSION

### I. *Remand for trial court to address application of Assembly Bill 333 to defendant's conviction for an active participant in a criminal street gang carrying a loaded firearm in a public place.*

#### A. Resentencing Proceedings Under Section 1172.75

Section 667.5, subdivision (b) was amended effective January 1, 2020, to eliminate prior prison term enhancements for all crimes except certain sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, Senate Bill No. 483 (2021−2022 Reg. Sess.) added former section 1171.1 to the Penal Code (Stats. 2021, ch. 728, § 3), later renumbered as section 1172.75 (Stats. 2022, ch. 58, § 12), to make this change retroactive and permit previously sentenced defendants to be resentenced. "A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1055, citing § 1172.75, subds. (a), (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

When the trial court recalled defendant's sentence under section 1172.75, it was effectively vacated. (*People v. Arias* (2020) 52 Cal.App.5th 213, 219 ["recall of [the defendant's] sentence effectively vacated his original sentence and commitment"].) Once defendant's sentence was vacated, the trial court had jurisdiction to resentence him to a new sentence. (*People v. Padilla* (2022) 13 Cal.5th 152, 163 ["once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence"].) Defendant, therefore, " 'regained the right to appeal whatever new sentence was imposed,' " and his judgment became nonfinal for purposes of *In re Estrada* (1965) 63 Cal.2d 740, 744–745 (*Estrada*). (*Padilla*, at p. 177.) Under *Estrada*, ameliorative amendments to criminal

statutes apply to all cases not final on appeal absent contrary legislative intent. (*Estrada*, at pp. 744–745.)

### B. Assembly Bill 333 and amendments to section 186.22

Defendant was previously convicted of carrying a loaded firearm in a public place as an active participant in a criminal street gang (former § 12031, subd. (a)(2)(C)). The Legislature enacted the California Street Terrorism Enforcement and Prevention Act (Act; § 186.20 et seq.) "to eradicate 'criminal activity by street gangs.' " (*People v. Valencia* (2021) 11 Cal.5th 818, 828.)[6] Among other things, the Act created the substantive offense of active participation "in a criminal street gang" (§ 186.22, subd. (a)) and a sentencing enhancement for a felony committed "for the benefit of, at the direction of, or in association with a criminal street gang" (§ 186.22, subd. (b)(1)). (See *Valencia*, at p. 829.) The Legislature amended former section 12031 to punish carrying a loaded firearm in a public place as a felony where the person is "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22." (Former § 12031, subd. (a)(2)(C), as amended by Stats. 1996, ch. 787, § 3, p. 4154.)

However, effective January 1, 2022, Assembly Bill 333 made several changes to the criminal street gang laws. "First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' (§ 186.22, subd. (f), italics added.) Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually or collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang. (§ 186.22, subd. (f), italics added.) Third, Assembly Bill 333 also narrowed

---

[6]    The original Act was an urgency measure that went into effect on September 26, 1988. (Stats. 1988, ch. 1242, § 3, p. 4130.) *Valencia* addressed former section 186.20 et seq., which became effective on January 1, 1993 (Stats. 1989, ch. 930, § 5.1, p. 3253). (*People v. Valencia, supra*, 11 Cal.5th at p. 829, fn. 9.)

the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense.  (§ 186.22, subd. (e)(1), (2).)  Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.'  (§ 186.22, subd. (g).)"  (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).)  "And finally, Assembly Bill 333 omitted certain nonviolent offenses from the list of offenses that could make up a gang's primary activities or form the requisite pattern of criminal gang activity, reducing the list of offenses from 33 to 26."  (*People v. Clark* (2024) 15 Cal.5th 743, 753.)

C.     **Retroactive application of Assembly Bill 333 in resentencing hearing.**

In *Tran*, our Supreme Court held that the changes to the elements of a section 186.22 gang enhancement apply retroactively pursuant to *Estrada, supra*, 63 Cal.2d 740.  (*Tran, supra*, 13 Cal.5th at pp. 1206–1207.)  The court explained that "*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions' " and " 'Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22.' "  (*Id.* at p. 1207.)  The court concluded the changes wrought by Assembly Bill 333 "have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' with obvious benefit to defendants."  (*Tran*, at p. 1207.)  Accordingly, affected defendants were entitled to the ameliorative effects of Assembly Bill 333.

Subsequent to *Tran*, our Supreme Court addressed "whether a judgment, or part of it, becomes final for *Estrada* purposes based on an appellate court's affirmance of a conviction, while sentencing issues remain pending before the superior court following remand." (*People v. Lopez* (2025) 17 Cal.5th 388, 392 (*Lopez*).) In determining whether a judgment is final for *Estrada* purposes, the "finality 'inquiry focuse[s] on whether the criminal prosecution or proceeding *as a whole* is complete' [citation]—'i.e., when " 'the last word of the judicial department with regard to a particular case or controversy' " has issued.' " (*Lopez*, at p. 395, second bracketed insertion added.) "For *Estrada* purposes, the 'judgment' means the ' "judgment of conviction" ' and the sentence." (*Ibid.*) The court concluded that "[a] criminal case is only reduced to a singular, final judgment following the conclusion of the entire criminal case or prosecution. Thus, a criminal case in which the sentence is not yet final, including one in which an appellate court has affirmed the conviction and remanded for reconsideration of sentencing-related issues, is not final for purposes of *Estrada*, and the benefits of supervening ameliorative legislation apply retroactively." (*Id.* at pp. 392–393.) It was "presume[d] ameliorative changes to the law ' "extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." ' " (*Id.* at p. 395.) "*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.' " (*Id.* at pp. 394–395.) The court therefore concluded, "Assembly Bill 333 added new elements to the substantive offense and enhancements in the gang statute, and its substantive changes apply retroactively to all nonfinal cases under *Estrada*." (*Id.* at p. 394.)

Defendant argues his judgment was no longer final after the recall of his sentence under section 1172.75 and the trial court erred by not applying Assembly Bill 333. We agree that, in light of *Lopez*, defendant's sentence should be vacated and the matter remanded for further proceedings. Because Assembly Bill 333 applies retroactively to all nonfinal judgments under *Estrada*, and defendant's judgment is nonfinal by virtue of

section 1172.75, defendant was entitled to the ameliorative effects of Assembly Bill 333 at resentencing. (See *Lopez, supra*, 17 Cal.5th at pp. 396–400; *Tran, supra*, 13 Cal.5th at pp. 1206–1207.)

The jury's findings on the gang allegations in 2005 were made prior to the amendments to section 186.22 and without the benefit of jury instructions on the elements added by Assembly Bill 333. Based on this record, we cannot conclude, nor does the Attorney General claim, that error was harmless. The record before us is inadequate to determine whether the gang-related conviction and allegations meet the more stringent requirements of section 186.22, as amended by Assembly Bill 333. Neither party asks us to review the adequacy of the jury's findings and, in light of the record, we do not do so.

Therefore, we remand for the trial court to determine, in the first instance, any effect the amendments have on defendant's conviction on count 5 of an active participant in a criminal street gang carrying a loaded firearm in a public place. Because the trial court should have conducted this inquiry when resentencing defendant, we will vacate the sentence and remand for further proceedings. Defendant's remaining challenges to the sentence are moot in light of this disposition.

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing, to include the trial court's consideration of the effect of Assembly Bill 333 on defendant's case.